[Filed March 31, 1886.]

## J. E. HASELTINE, A. A. KNOX, and D. K. ABRAMS v. W. W. ESPEY and R. H. THOMPSON.

DEED INTENDED AS MORTGAGE—FRAUDULENT CONVEYANCE.—Taking an absolute deed to land, which is intended to operate only as a mortgage security for a debt, where there is no attempt on the part of the creditor to disguise the real character of the transaction, affords no ground for impeaching it as in fraud of the rights of other creditors; *aliter* where in such a case a party claims that the deed was an absolute conveyance.

SAME—RECORDING—NOTICE.—In the absence of any statutory requirement to the contrary, the recording in the records of deeds of a conveyance absolute in form, but which is intended to operate as a mortgage, is sufficient to impart notice of the interest of the grantee. *Semble*, that such an instrument could not properly be recorded as a mortgage.

MULTNOMAH COUNTY.    Plaintiffs appeal.    Affirmed.

*C. P. Heald*, for Appellants.

The court below found as a fact that the conveyance from Espey to Thompson was intended as a mortgage to secure advances made by Thompson. The legal title and right of possession under that conveyance both remained in Espey, according to the law of this state. (*Teal* v. *Walker*, 111 U. S. 251; *Besser* v. *Hawthorne*, 3 Or. 129; *Anderson* v. *Baxter*, 4 Id. 105; *Roberts* v. *Sutherlin*, Id. 219.) The plaintiffs' judgment lien, therefore, will attach upon the property as in the hands of Espey, taking priority over Thompson's lien by way of mortgage, unless plaintiffs are postponed by notice of that mortgage. (Code, p. 160, secs. 266, 268; *Baker* v. *Woodward*, 12 Or. 3.) Where mortgages are required to be recorded in separate books, as in this state, a mortgage recorded as a deed is not effectual against subsequent *bona fide* purchasers or mortgagees, even if the mortgage be in form an absolute deed. The record is a nullity. (1 Jones on Mortgages, sec. 546; *Dey* v. *Dunham*, 2 Johns. Ch. 182;

*White* v. *Moore*, 1 Paige, 551; *Brown* v. *Dean*, 3 Wend. 208; *Warner* v. *Winslow*, 1 Sandf. 430.)   A secret mortgage in the form of an absolute deed, and recorded as such, is not a proper record; does not give constructive notice, and is postponed to the lien of a subsequent judgment. (Wade on Notice, pp. 83 et seq., secs. 186–191, inclusive; *Colomer* v. *Morgan*, 13 La. Ann. 202; *Shaw* v. *Wilshire*, 65 Me. 485; *Hendrickson's Appeal*, 24 Pa. St. 363.)

*W. H. Adams* and *E. Mendenhall*, for Respondents.

It is competent to show in a case of this kind that a deed absolute was in fact a security, and hence an equitable mortgage. (*Cunningham* v. *Hawkins*, 27 Cal. 603; *Stevens* v. *Hinckley*, 43 Me. 440; *Stephens* v. *Allen*, 11 Or. 189.)   Nor is it necessary to show fraud or mistake in its execution. (*Pierce* v. *Robinson*, 13 Cal. 125; *Thompson* v. *Patton*, 15 Am. Dec. 47, note; *Hurford* v. *Harned*, 6 Or. 362.)   Hence the conveyance stands as a deed, so far as notice to third parties is concerned, and must be recorded as such, and its record as a deed operates as constructive notice to plaintiffs. (1 Jones on Mortgages, sec. 548; *Clemons* v. *Elder*, 9 Iowa, 274; *Nichols* v. *Reynolds*, 1 R. I. 30; S. C., 36 Am. Dec. 239, 240, 241; *Moors* v. *Albro*, 129 Mass. 13.)   Leaving the instrument with the county clerk was notice to all the world. (1 Jones on Mortgages, secs. 552, 553; *Nichols* v. *Reynolds, supra; Nicklin* v. *Betts Spring Co.*, 11 Or. 409; *Kuhn* v. *Graves*, 9 Iowa, 305, 306.) The decisions which hold that such record is not notice are under a peculiar statute requiring defeasances to be recorded, as against the maker of the instrument. (See *Brown* v. *Dean*, 3 Wend. 213, in which the provisions of the New York statute are given.)   A deed absolute intended as a mortgage stands upon a different footing as to possession from a mortgage in terms.   The grantee in

the former holds the legal title, and with it the possession. Record of a deed in the clerk's office is equivalent to livery of seisin at common law; hence Thompson was in possession of the property described in this conveyance, and such possession was notice to plaintiffs. (*Gibson* v. *Hough*, 60 Ga. 588; *Espinosa* v. *Gregory*, 40 Cal. 58.)

THAYER, J. The appellants, who are copartners in business, obtained a judgment against the respondent Espey, on the twenty-seventh day of June, 1884, for the sum of $710.71, and upon which they caused an execution to be issued. Prior thereto, and on the twelfth day of June, 1884, the said Espey had made an assignment for the benefit of creditors under the insolvent act of the state. Before that time, and on the sixteenth day of October, 1883, said Espey had executed a deed of conveyance to the respondent Thompson to certain real property owned by him, situated in said county. After obtaining the judgment against Espey, and issuance of the execution, the said appellants commenced a suit in the Circuit Court against Espey and Thompson, to set aside the said deed from Espey to Thompson, alleging in their complaint in the suit that it was without consideration, and made for the purpose of misleading, deceiving, hindering, and delaying Espey's creditors. The respondents denied the allegations as to the deed being without consideration, and given for the purpose alleged in the complaint; and they averred that it was intended as a mortgage, and was given to secure the sum of $12,575 due from Espey to Thompson for money loaned and liabilities assumed. They also allege the existence of liens upon the land in the form of judgments and mortgages in favor of other parties, and set up the assignment by Espey for the benefit of creditors, and transfer of the equity of redemption to the assignee. The case

was referred to a referee to report his finding of facts and law, and upon which said referee found that the said deed was a mortgage; that it was made in good faith, for a full consideration, to secure an existing indebtedness from Espey to Thompson; and that the land in question was conveyed by deed of general assignment for the benefit of creditors by Espey to one W. B. McKenzie, as assignee, before the commencement of the suit; and that the said complaint should be dismissed. The Circuit Court confirmed the referee's report, and thereupon the decree appealed from was entered.

The appellants' counsel contends that the transaction between Espey and Thompson, as shown by the evidence in the case, was suspicious, and that the said deed was not executed in good faith. He also claims that the deed, being in fact a mortgage, but recorded as a deed, was improperly recorded; and that the appellants' judgment against Espey has priority over it.

There is nothing in the evidence, as I have been able to discover, that is calculated to impeach the *bona fides* of the transaction. It shows very conclusively that Thompson advanced money to Espey, and indorsed for him to a large amount, which he subsequently paid off; that the amount advanced and paid covered substantially the amount of consideration expressed in the deed. The appellants' counsel insisted that many circumstances surrounding the affair indicated that the advancement of the money, and indorsing Espey's paper by Thompson, might have been for the purpose of enabling the former to cover up his property, and defraud and delay his creditors; but he has not been able to point out any badges of fraud that would justify the court in concluding that the transaction was intended for any such purpose, or that it was a sham. A good deal of stress has been laid upon the fact that Thomp-

son, instead of taking a mortgage from Espey in the usual form, took an absolute deed to the land. This is claimed to be a significant circumstance; but it does not appear that Thompson ever claimed that the instrument was other than a mortgage, or that creditors were injured or affected thereby. The practice of taking security in that form is quite common in this state, and I do not see, where there has been no attempt to disguise the transaction, any grounds of suspicion in consequence of it. If a party were to claim, in such a case, that the deed was an absolute conveyance, when it in fact was only intended as a security for the payment of a debt, the pretense would undoubtedly occasion suspicion, and be an *indicium* of fraud. A court of equity, in such a case, would scrutinize very closely the affair, and require very satisfactory proof that it was not for a fraudulent purpose; but ordinarily a security taken in that way would not create discredit as to its fairness. Espey, at the time he executed the deed in question, was carrying on his business as usual, and seemed to have preferred to secure Thompson's indebtedness by a deed to the premises absolute in terms. Thompson did not exact that kind of security—was not in the state when it was given. The deed was duly recorded, and it cannot be claimed that it affected any one injuriously, and there is nothing in the proofs showing that it was intended to defeat or delay Espey's creditors.

The deed was recorded in the book of deeds in the office of the clerk of the county of Multnomah, and not in the book of mortgages of that office. This is claimed to have been improper, and not to amount to a recording. This question would be unimportant were it not for a provision of our statute (Civil Code, sec. 268) which provides that "a conveyance of real property, or any portion thereof, or interest therein, shall be void as

against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof, as the case may be, or unless it be recorded within the time after its execution provided by law as between conveyances for the same real property." It has been held that "if a mortgage is not recorded in the mortgage books it cannot be found by means of the index to those books, and therefore is not regarded as properly recorded." (Jones on Mortgages, sec. 546, and cases cited.) But the author, at section 548 of that work, says that "when an absolute deed is given in the way of security, with written defeasance back, the rights of the mortgagee are in general fully protected without any record of the defeasance. The deed is sufficient notice of his interest. In fact, it is notice of a greater interest than he actually has. But it does not matter, except in those states in which the recording of the defeasance is expressly required as a condition upon which the mortgagee shall derive any benefit from the record of the deed, as in California," and several other states he names. According to the view there expressed, the recording of an absolute deed, although given to secure a debt, in the book of deeds is sufficient, in the absence of such a statutory requirement.

It seems to me that a deed absolute in terms should be recorded in the book of deeds, whatever might be the object or purpose for which it was executed; and that it would impart notice as effectually as if recorded in the book of mortgages. It could hardly be presumed that a party, desirous of ascertaining whether the title to real property was affected or not by an act of the claimant, would confine his search to the book of mortgages alone. If, however, the statute required such an instrument to be recorded there, it would have to be so recorded in order to constitute notice; but the statute only requires

that separate books shall be provided for the recording of deeds and mortgages, in one of which deeds left with the clerk shall be recorded, and in the other mortgages. Unless, therefore, this provision must be construed so as to render it imperative upon the clerk to record in the book of mortgages every deed intended as such, irrespective of its terms, then the record of it in the book in which its terms indicate that it should be recorded would be sufficient. I do not believe that said provision of the statute should be so construed. I am of the opinion that an absolute deed, though intended as a mortgage, cannot properly be recorded in any other book than the book of deeds. Such an instrument would at law be a deed, whatever character equity might give it. The proofs are quite convincing that the appellants, prior to the time of their debt, upon which their judgment against Espey was obtained, and prior to its contraction, had notice of the execution of the deed, and that Espey had power to sell the property. Under such circumstances, it was immaterial where the deed was recorded, or whether it was recorded at all; but it is not necessary, under the view indicated, to consider that question, nor is it necessary, under the circumstances, to consider the effect of said section 268 of the statute before set out.

The respondents' counsel raised several questions affecting the appellants' right to recover in the suit in any event, but as the conclusions arrived at respecting the questions considered completely dispose of the case, it is not necessary to notice them.

I am of the opinion that the Circuit Court decided the case correctly, and that the decree appealed from should be affirmed.