Argued March 13, modified and affirmed April 1, 1919.

## MATLOCK v. ALM.

(179 Pac. 570.)

**Fraudulent Conveyances—Conveyance Pending Litigation—Relief to Creditor.**

1. Where son, after actions had been brought against him and his father for death resulting from collision between his father's automobile, which the son was driving, and another car, conveyed land to his father, without fraudulent intent, to reimburse his father for repairs to his car caused by the collision, and to provide for expense of employing attorneys and defending actions brought, it was proper, the transaction being *bona fide,* but the consideration inadequate, to treat the conveyance as a mortgage, and permit the property to be sold and the proceeds applied, first, upon the amount due from the son to the father, and, second, upon the judgment in the death action and the costs and disbursements in suit to set the conveyance aside.

**Fraudulent Conveyances—Conveyance Pending Litigation.**

2. In such case, the proceeds were properly applied to paying the father an amount expended for repairs of the automobile, and a further sum for depreciation thereof.

**Fraudulent Conveyances—Conveyance Pending Litigation—Attorney's Fees.**

3. In such case, the father was also entitled to have paid him from the proceeds the attorney's fees and expenses paid out for his son's benefit in the actions at law.

Fraudulent Conveyances—Suspicious Circumstances.

4. When a deed is sought to be set aside as voluntary and fraudulent against creditors, and there is not sufficient evidence of fraud to induce the court to avoid it absolutely; but there are suspicious circumstances as to the adequacy of consideration and fairness of the transaction, the court will not set aside the conveyance altogether, but permit it to stand for the sum already paid.

Fraudulent Conveyances—Moral Consideration.

5. Where son, after actions had been brought against him and his father for death resulting from collision between his father's automobile, which the son was driving, and another car, conveyed land to his father, to secure him against expenses of his own as well as the son's litigation resulting from the accident, the father was not entitled to be reimbursed from the proceeds of such property for the attorney's fees and expenses paid in the actions on his own account, since, if there was any obligation on the part of the son to reimburse his father for these sums, it was, at best, only a moral obligation.

[As to when voluntary conveyances are subject to attack as fraudulent to creditors, see note in 14 Am. St. Rep. 739.]

Interest—Advances for Attorney's Fees.

6. Where sums paid out for attorney's fees, etc., on behalf of grantor by grantee in claimed fraudulent conveyance, which the court holds in fact *bona fide*, but on insufficient consideration, had not all actually been paid at the time suit to set aside the conveyance was tried, interest was not allowable on such part of the grantee's claim against the property.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

This is a suit in equity to set aside an alleged fraudulent conveyance, and subject the property in question to execution under plaintiff's judgment. The defendant Julius Alm is the father of the defendant Christian Alm.

Plaintiff's judgment, which he is seeking to fasten as a lien upon the land in question, grew out of an automobile accident, in which a collision occurred between an automobile driven by the defendant Christian Alm, and one in which plaintiff's intestate was riding. The machine in question belonged to the defendant, Julius Alm, but appears to have been borrowed by his son Christian, and was being used, at the time of the accident, solely for his son's pleasure and advantage.

Cora B. Matlock, the plaintiff's intestate, was killed in the accident and several other parties were injured. An action was brought by her administrator, plaintiff herein, against both of these defendants to recover damages for her death, which resulted in a judgment in favor of plaintiff, against the defendant Christian Alm for $1,000. The defendant Julius Alm was exonerated from liability by the verdict in that case.

After the accident, and while the defendants were being threatened with numerous actions growing therefrom, the defendants seem to have agreed among themselves that the property in question here, which was a lot and dwelling-house in the town of Silverton belonging to Christian Alm, should be conveyed by him to the defendant Julius Alm, for the purpose of reimbursing Julius Alm for the injuries to and expense in repairing his automobile caused by the collision, and also to provide for the expense of employing attorneys and defending the cases which were about to be brought, and which the defendant Julius Alm assumed and agreed to pay. The deed to the property from the son to the father was not executed until after an action of damages had actually been brought by the plaintiff, against the defendants jointly, and about the time the trial of that action was pending.

In this suit the defendants offered evidence tending to show that the cost of repairing the automobile amounted to $560, and that the automobile was further depreciated in the value of $500. The undisputed testimony showed that the defendant Julius Alm had expended in the two actions at law, brought against him and his son jointly, the amount of $751.30, for attorneys' fees and other expenses of the suit.

The court below found that the deed was not executed for the purpose of defrauding, but as security for

the father's claim for damages, and decreed that the property be sold and the proceeds applied, first, to the satisfaction of the $460 for repairs; second, the sum of $100, which the court found to be the depreciation of the automobile, making $560 in all, with interest at 6 per cent from January 20, 1917, and that the remainder of the sum received from the sale of the property should be applied upon the payment of the costs and disbursements of this suit, and the judgment of the plaintiff herein, in the actions at law. The lower court did not allow the defendant Alm anything on his claim for attorneys' fees and expenses in the law action.

MODIFIED AND AFFIRMED.

For appellants there was a brief over the names of *Messrs. McNary & McNary, Mr. Custer E. Ross* and *Mr. Everil M. Page,* with oral arguments by *Mr. John H. McNary* and *Mr. Ross.*

For respondent there was a brief over the name of *Messrs. Carson & Brown,* with oral arguments by *Mr. John H. Carson* and *Mr. Thomas Brown.*

BENNETT, J.—1, 2. We are satisfied with the findings of the court below as to the character of the conveyance in question. It seems to be the established practice in this state, where the transaction is *bona fide,* but the consideration inadequate, to treat the conveyance as a mortgage, and permit the property to be sold, and the proceeds applied, first, upon the amount actually due from the grantor to the grantee; second, upon the claim of the judgment creditor: *Morrell* v. *Miller,* 28 Or. 354 (43 Pac. 490, 45 Pac. 246); *Hazeltine* v. *Epsie,* 13 Or. 301 (10 Pac. 423). Neither shall we disturb the findings of the

court below as to the amount expended for repairs of
the automobile, or as to the depreciation thereof.

3, 4. We think, however, the court should have al-
lowed the defendant, Julius Alm, the amount ex-
pended on behalf of his son for attorneys' fees, etc.,
in defending the actions at law.

The respondent cites upon this question a para-
graph from 20 Cyc. 492, and also *National Bank* v.
*Croco,* 46 Kan. 629 (26 Pac. 942); *Ringold* v. *Leith,*
73 Ill. 656; all of which seem to be in point and sup-
port plaintiff's contention, and were, no doubt, fol-
lowed by the court below. However, the case of *Mor-
rell* v. *Miller,* 28 Or. 354 (43 Pac. 490, 45 Pac. 246),
seems to be on all-fours with this case and decisive of
this question.

In the latter case the plaintiff had a judgment
against one Miller, who had seriously wounded him in
a shooting affray. After the shooting Miller was in-
dicted for the offense, and the plaintiff also brought
suit against him, to recover damages for his injuries.
Under these circumstances, Miller executed two
deeds, absolute in form, for the purpose of securing
to his attorneys the amount of their fees, for services
to be performed in defending him on the criminal
charge and against the civil claim. Judge WOLVER-
TON, delivering the opinion of the court, said:

"There was some attendant *indicia* of fraud, such as
the transfer of all Miller's property of such considera-
ble value to Lord; the declaration of a secret trust in
connection therewith; and the inadequacy of considera-
tion for the second deed. But, upon the other hand,
Miller was deeply interested. He was in the toils of
the law, charged with a grave offense, and his object
was to extricate himself therefrom. The purpose of
making such use of his property as to secure able coun-
sel to conduct his defense, and to attend to other ap-
prehended litigation, was perfectly legitimate. His

right to be heard by counsel is a constitutional right, and he should be permitted, unless hindered by legal process, the free and untrammeled use of his property to obtain legal assistance, otherwise constitutional privileges would be invaded. Upon the whole, we believe the second deed was intended to be and operated as an absolute conveyance of the title to said premises, and we are unable to say from the evidence that it is fraudulent and void as to creditors. But the transaction is attended with such suspicious circumstances that we ought not to permit the conveyance to stand, except as security for such liability as Miller legitimately incurred to meet the expenses of impending litigation, under the doctrine laid down by Chancellor Kent in *Boyd* v. *Dunlap*, 1 Johns. Ch. (N. Y.) 478: 'When a deed is sought to be set aside as voluntary and fraudulent against creditors, and there is not sufficient evidence of fraud to induce the court to avoid it absolutely, but there are suspicious circumstances as to the adequacy of consideration and fairness of the transaction, the court will not set aside the conveyance altogether, but permit it to stand for the sum already paid.' "

The opinion in this case was followed in the Supreme Court of Washington in *Zent* v. *Gilson*, 52 Wash. 319 (100 Pac. 739), and in *Farmers' Bank* v. *Mosher*, 63 Neb. 130 (88 N. W. 552), and may be said to be a leading case upon this branch of the law.

It follows that the defendant, Julius Alm, was entitled—in addition to the amount allowed by the court—to have the attorneys' fees and the expenses paid out for the benefit of his son in the actions at law, held as a prior lien against the claim of the plaintiff.

5. But we think he was not entitled to the attorneys' fees and expenses paid in the law actions on his own account. If there was any obligation on the part of the defendant, Christian Alm, to reimburse his father for these sums, it was at the best, no more than a moral

obligation, and such an obligation seems to be insufficient as against the creditors, as a consideration for a conveyance of this kind: 20 Cyc. 490, subd. 3, and authorities cited.

In this case the amounts paid in his son's behalf are not segregated in the testimony from the amounts paid for himself. The amounts paid were $476.70 in one action, and $274.60 in the other, totaling $751.30. We think it fair to assume that half of this sum was for his own benefit, and half for the benefit of his son; therefore, one half of $751.30, or $375.65, ought to be added to the $560 allowed by the court for repairs.

6. It does not appear in the evidence when these sums were paid out for attorneys' fees, etc., by Julius Alm. Indeed, it appears that all of them had not yet been actually paid at the time this suit was tried. Under all these circumstances, we think interest should not be allowed on this part of the claim. The decree should provide that the $560 with interest, as decreed by the lower court, and the sum of $375.65, should be made a prior lien upon the property in behalf of the defendant, Julius Alm.

With this modification the decree of the lower court is affirmed.                                              AFFIRMED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.